UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| JASMINE ELALFY and NICHOLAS SINOPOLI<br><br>Plaintiffs,<br><br>v.<br><br>TESLA, INC., JOHN/JANE DOE(S) 1-5, and ABC CORPORATION(S) 1-5,<br><br>Defendants. | Civil Action No.: 3:25-cv-14983-MAS-TJB |

**DEFENDANT TESLA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

Defendant Tesla Inc. ("Tesla" or "Defendant"), by and through its undersigned counsel, in accordance with Rule 8 of the Federal Rules of Civil Procedure, hereby submits this Answer in response to the Complaint filed by Jasmine Elalfy and Nicholas Sinopoli (collectively "Plaintiffs") on July 31, 2025 (the "Complaint"), and in support thereof, states as follows, and denies each and every allegation not expressly admitted herein:

**FIRST COUNT**

1. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the First Count of the Complaint and therefore denies the same and demands strict proof thereof.

2. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the First Count of the Complaint and therefore denies the same and demands strict proof thereof.

3. Tesla denies the allegations contained in Paragraph 3 of the First Count of the

Complaint.

4. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the First Count of the Complaint and therefore denies the same and demands strict proof thereof.

5. Tesla denies the allegations contained in Paragraph 5 of the First Count of the Complaint.

6. Tesla denies the allegations contained in Paragraph 6 of the First Count of the Complaint.

7. Tesla denies the allegations contained in Paragraph 7 of the First Count of the Complaint.

Answering the WHEREFORE paragraph following Paragraph 7 of the First Count of the Complaint, Tesla denies that Plaintiffs are entitled to the relief requested in the First Count of the Complaint.

## **SECOND COUNT**

1. Tesla repeats and reiterates each and every answer in the prior Count as if fully set forth herein.

2. Tesla denies the allegations contained in Paragraph 2 of the Second Count of the Complaint.

3. Tesla denies the allegations contained in Paragraph 3 of the Second Count of the Complaint.

4. Tesla denies the allegations contained in Paragraph 4 of the Second Count of the Complaint.

5. Tesla denies the allegations contained in Paragraph 5 of the Second Count of the

Complaint.

Answering the WHEREFORE paragraph following Paragraph 5 of the Second Count of the Complaint, Tesla denies that Plaintiffs are entitled to the relief requested in the Second Count of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint should be dismissed for failure to state a claim for which relief may be granted or a claim upon which relief can be granted against Tesla.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands)

Without admitting the allegations in the Complaint, any claim against Tesla is barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Without admitting the allegations in the Complaint, Plaintiffs' alleged damages could have been mitigated with due diligence and any claim against Tesla is barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Without admitting the allegations in the Complaint, any claim against Tesla may be barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Without admitting the allegations in the Complaint, any claim against Tesla is barred, in whole or in part, by Plaintiffs' assumption of risk.

### SIXTH AFFIRMATIVE DEFENSE
### (Third-Party Actions)

Without admitting the allegations in the Complaint, any claim against Tesla is barred, in whole or in part, because any damage allegedly suffered by Plaintiffs is solely the proximate result of conduct, acts and/or omissions of persons or entities other than Tesla, over whom Tesla had no control or right to control.

### SEVENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Recovery by Plaintiffs is barred, in whole or in part, because of the contributory negligence, or the comparative fault, or both, of Plaintiffs in failing to exercise due and proper care under the existing circumstances and conditions.

### EIGHTH AFFIRMATIVE DEFENSE
### (Feasible Alternative Design)

At the time the vehicle left the control of the manufacturer, there was not a practical and technically feasible alternative design that would have prevented or mitigated the alleged injuries or harm without substantially impairing the reasonably anticipated or intended function of the vehicle.

### NINTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

Without admitting the allegations in the Complaint, any claim against Tesla is barred, in whole or in part, because Tesla did not breach or violate any duty owed to Plaintiffs.

### TENTH AFFIRMATIVE DEFENSE
### (Modification, Alteration, Misuse)

The subject vehicle may have been modified, altered or misused after it left the control of the manufacturer, causing or contributing to the alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of spoliation of evidence.

## TWELFTH AFFIRMATIVE DEFENSE
### (Federal Preemption)

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of Federal Preemption in that the subject vehicle complied with all Federal Motor Vehicle Safety Standards ("FMVSS") and all other applicable federal requirements at the time of manufacture.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (New Jersey Product Liability Act)

Tesla asserts all defenses available under N.J.S.A. 2A:58C-1 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Contribution for Settlement Amounts)

If any co-defendant and/or third-party defendant settles prior to trial, Tesla will seek an allocation of the percentage of the negligence by the factfinder against the settling defendant(s). Tesla will seek allocation, whether or not Tesla has formally filed a cross-claim against the settling defendant(s). Tesla may rely upon the examination and cross-examination of expert witnesses at the time of trial in support of this allocation.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Superseding and/or Intervening Cause)

Tesla expressly denies that it was negligent as alleged in the Complaint, or that any defect in the vehicle at issue or any act or omission attributed to Tesla proximately caused any of the damages alleged in the Complaint. Rather, those damages were instead proximately caused or contributed to by intervening or superseding acts of other persons and/or entities.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unanticipated Causes)

Tesla is not responsible for any damages or losses to Plaintiffs that were proximately caused or contributed to by circumstances beyond Tesla's control or which could not have been anticipated, including but not limited to, acts of God, natural disasters, acts of government, or other intervening acts outside the control of Tesla.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Safe for Intended Use)

The vehicle in question was reasonably fit, suitable, and safe for its intended purpose.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Compliance with Industry Standards)

At all times during the distribution of the subject vehicle, the same complied with all applicable federal and state legislative regulatory standards or administrative regulatory safety standards relating to design or performance for the subject vehicle and, therefore, Plaintiffs may not recover against Tesla.

### NINETEENTH AFFIRMATIVE DEFENSE
### (State of the Art)

Tesla would show that the subject vehicle conformed with the existing state of the art for similar vehicles then existing.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Risk Utility)

The utility of the vehicle at issue outweighs any risks associated with it as a matter of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Additional Defenses)

Tesla reserves the right to assert additional affirmative defenses should such defenses be warranted based on the facts disclosed through discovery.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Adoption of Defenses)

Tesla adopts, and incorporates by reference, such defenses as may be raised by any other defendant who is, or might be, joined in this action.

### JURY DEMAND

Tesla demands a trial by jury for all issues so triable.

**WHEREFORE**, Tesla, Inc. requests that this Court enter an Order:

A. Entering judgment in favor of Tesla, Inc. and against Plaintiffs for all costs and attorneys' fees incurred in connection with this matter; and

B. Awarding all such other and further relief as justice and its cause may require.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Heather Russell Fine*
    Heather Russell Fine
    1000 Westlakes Drive, Suite 275
    Berwyn, PA 19312
    Telephone: (610) 943-5410
    Facsimile: (484) 234-2035
    heather.fine@nelsonmullins.com

    -and-

    Franklin P. Brannen, Jr. (*pro hac vice* forthcoming)
    TESLA, INC.
    800 Connecticut Ave NW, Suite 500
    Washington, D.C. 20006
    Telephone: (404) 401-5918

fbrannen@tesla.com  
*Attorneys for Defendant Telsa, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of September, 2025, a copy of the foregoing ANSWER AND DEFENSES OF TESLA, INC. was filed via the Court's CM/ECF system, which provides notice of service to all parties and counsel of record, and served via email to all counsel.

*/s/ Heather Russell Fine*
Heather Russell Fine